(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

## Western District of New York

Case No. **24-CV-485**

JEREMIAH FOLSOM HERBERT

*Plaintiff(s)* Pro-se

(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

( SEE-Attached )

*Defendant(s)*

(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

(to be filled in by the Clerk's Office)

JURY TRIAL: Yes___ No ✓

UNITED STATES DISTRICT COURT
FILED
MAY 20 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK:
MR. JEREMIAH FOLSOM HERBERT, PRO-SE, PLAINTIFF
42 U.S.C. 1983 Action
-V.S-
#1) Deputy Superintendent
E. RACZKOWSKI, (D.S.S) 7AM TO 3Pm, TOUR SHIFT
ATTICA Correctional Facility, Individual Defendant
#2)- SERGEANT, W. TOMPOROWSKI, 3Pm TO 11Pm;
TOUR Shift, Attica C.F, Individual- Defendant
#3)- SERGEANT A.J. HOLMAN, 3Pm to 11Pm TOUR
Attica C.F, INdividual Defendant, (R.R.U. Unit)
#4) CORRECTIONAL OFFICER Goodwin, 3Pm TO 11Pm
TOUR Shift- A-Block Company- Attica C.F,
Individual Defendant
#5) CORRECTIONAL OFFICER J. ELLis, 3Pm TO 11Pm
TOUR SHIFT, SHU/R.R.U. UNIT, Attica C.F,
Individual Defendant

Each Listed Defendant Is Being SUED UNDER
Individual Capacity And UNDER Color of law,
Plaintiff- pro-se, Brings This Action UNDER
42 U.S.C 1983 Civil Right Act 1871, EACH
Defendant Employed IN Wyoming, New York
In The Town of ATTICA New York
Judge TRial Is Formally Requested FOR
Each Individual Defendant, E-Raczkowski,
W. TOMPOROWSKi, A.J. Holman, Goodwin, S. Ellis,
Each Violated Plaintiffs Constitutional Rights.

PAGE #1

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                                      JEREMIAH Folsom HERBERT

All other names by which                  NONE
you have been known:
ID Number                                 2381459
Current Institution                       Attica Correctional Facility
Address                                   P.O. Box 149
                                          Attica          NY       14011-0149
                                          *City*          *State*      *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name                        E. RACZKOWSKI, 7AM TO 3PM
    Job or Title *(if known)*   Deputy Superintendent of Security,
    Shield Number               N/A
    Employer                    Attica Correctional (Docs)
    Address                     639 Exchange St. P.O. 149
                                Attica          NY       14011-0149
                                *City*          *State*      *Zip Code*
                                ☑ Individual capacity   ☑ Official capacity

Defendant No. 2
    Name                        W. Tomporowski
    Job or Title *(if known)*   Sergeant, 3PM TO 11PM Shift
    Shield Number               N/A
    Employer                    Attica Correctional Facility (Docs)
    Address                     639 Exchange Street, P.O. Box 149
                                Attica          NY       14011-0149
                                *City*          *State*      *Zip Code*
                                ☑ Individual capacity   ☑ Official capacity

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name A.J. Holman,
Job or Title *(if known)* SERGEANT, 3pm TO 11pm shift
Shield Number N/A
Employer ATTICA C.F. (DOCS)
Address 639 Exchange St. P.O. Box 149
ATTICA          NY     14011-0149
         City         State      Zip Code
☑ Individual capacity    ☐ Official capacity

Defendant No. 4
Name Goodwin
Job or Title *(if known)* CORRECTION OFFICER 3pm TO 11pm
Shield Number N/A
Employer ATTICA C.F. (DOCS)
Address 639 Exchange Street. P.O. 149
ATTICA          NY     14011-0149
         City         State      Zip Code
☑ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction — Defendant #5 — J. Ellis, C.O. ATTICA C.F. ATTICA NY

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth And Fourteenth Amendment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**D.**    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(See Attach pages) Enclosed

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)*  _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.**    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

None

**B.**    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Attica Correctional Facility
(See Enclosed Documents)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**C.**   What date and approximate time did the events giving rise to your claim(s) occur?

( See Enclosed Documents)

**D.**   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

See Enclosed Document to Support
(Claim And Relief Requested:)

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See Enclosed Documents to Support
All Physical And Emotional Injuries
For Relief)

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Enclosed Documents To Support
Claim + Constitutional Violation)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

**A.**   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Attica Correctional Facility

**B.**   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

**C.**   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

( SEE ENclosed Documents)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**D.**   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

**E.**   If you did file a grievance:

1. Where did you file the grievance?

   I.G.R.C. Coordinator, Albany Central Office

2. What did you claim in your grievance?

   1) Failure to Protect
   2) Condition of Confinement
   3) Excessive Force, (See Enclosed)

3. What was the result, if any?

   (See Enclosed Document)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   Appeal to highest level (See Enclosed Documents)

**F.**     If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

NONe

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N|A

**G.**     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

( See Enclosed Attach Documents)

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

 No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**A.**   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☐ No

**B.**   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____ N/A _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     _____ N/A _____

3.   Docket or index number
     _____ N/A _____

4.   Name of Judge assigned to your case
     _____ N/A _____

5.   Approximate date of filing lawsuit
     _____ N/A _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition.   _____ N/A _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
     _____ N/A _____

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   5/9/2024

Signature of Plaintiff

Printed Name of Plaintiff   Jeremiah Herbert

Prison Identification #   23B1459

Prison Address   639 Exchauie St. P.o. 149

Attica                      NY        14011
              _City_           _State_       _Zip Code_

### B.   For Attorneys

Date of signing:   N/A

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

              _City_           _State_       _Zip Code_

Telephone Number

E-mail Address

Print     Save As...     Add Attachment

Page 10 of 11

Reset

Western District Court

## AFFIDAVIT OF SERVICE OF MAILING

STATE OF NEW YORK ) U.S.C. 1983
COUNTY OF Wyoming ) ss.: Action Civil Right
Complaint / With
Exhibits Enclosed

Jeremiah Hersel, being duly sworn, deposes and says:

On the 14th day of May, 20 24, I served a true copy of the

annexed 42 U.S.C. 1983 Claim by mailing the same in a sealed envelope, with

postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the

State of New York, addressed to the last known addressee(s) as indicated below:

*(Insert here the name[s] and address[es] of the person[s] to whom you are mailing the papers being filed with this Court. If necessary, attach extra pages for additional names and addresses.)*

| Name & Address | Name & Address |
|---|---|
| 1) Clerk of Court Buffalo NY Western District | |
| 2) Chief Clerk of Court 2-Nigarara Square Buffalo, N.Y. 14202-3328 | |
| 3) Pro-se Intake office Western District Court 2-Niagara Square Buffalo, NY 14202-3328 Attn: Pro-se Clerk | |
| 4) U.S. District Court, Western District Court 2 Niagara Square, Buffalo, NY 14202-3328 | |
| 5) State of New York, Attorney General office The Capitol, Dept. of law Albany, NY 12207 | |

(Signature) _____

(Print Name) _____

Sworn to before me this 14th

day of May, 2024.

_____
Notary Public

DAVID S. MEZYDLO
Notary Public - State of New York
No. 01ME6440189
Qualified in Erie County
My Commission Expires 09/06/2026

Revised:   September 18, 2018

Jeremiah Folsom Herbert, Pro-se, Plaintiff
639 Exchange Street, P.O. 149          May 14th, 2024
Attica, N.Y. 14011-0149
Attn: Chief Clerk of Court
Pro-se Intake Officer
Western District Court of New York
2-Niagara Square
Buffalo, N.Y. 14202-3328

Formal Matter: 42 U.S.C. 1983 Complaint,
Documents, And Exhibits Being Filed
Dear Clerk of Court:
Please Take Notice As Pro-se Plaintiff Under
Federal Rules of Western District Court, I Do
Hereby Filed Original 42 U.S.C. 1983 Civil
Rights Complaint to Be Proper Assigned to
Western District Court Judge, And For All
Proper Relief Requested Upon Actions Shall
Be Fully Granted Upon Filed Action,
Upon Information And Belief All Arguments
And Civil Rights Claims Are Clear And
Specific To Support Constitutional Rights
Violations Imposed By Defendants Listed
And I.F.P. Status Shall Be Granted,
    C.C. File                    Respectfully Submitted,
        Pro-se Office                    Jeremiah Herbert

#1) This Cause Of Action Arose At Attica C.F,
In The WESTERN District Of New York Is
THEREFORE PROPER VENUE For Filing 42 U.S.C. 1983.
#2)- Plaintiff-PRO-SE Did FULLY INDEED EXhaust
Under DOCS Directive 4040 And 42 U.S.C. 1997(e)
All GRIEVANCES, Complaint Letters To BRing Action,
Plaintiff Did Exhaust All INTERNAL PRISON
Administrative Procedures For Each Claim.

#3) At All TIMES Relevant, EAch DEfendant
E. Raczkowski, W. Tomporowski, A.J. Holman,
Goodwin, J. Ellis, In Individual Capacity
Acted Under Color Of Law In Violation Of
Plaintiffs Constitional Rights Under 42 U.S.C. 1983

#4) plaintiff Did INDEED Did SUFFER
Actual INJurys Medical Reports From
Erie County Medical Hospital (E.C.M.C.) Will
Show PROOF OF All INJurys By DEfendants.

#5) Deputy SuperintENDENT OF Security
E. RACZkowski, Is And was At All TIMEs
RElEvant In Violations of Day to Day
Operations And Failed To Fully Execute
Docs policys In Violation Of The Eighth
And Fourteenth AMENdMENt of U.S. Constitution.
E. RACZkowski, worked 7AM To 3Pm TOUR
Assigned As Deputy of Security At Attica o.f.

PAGE #2

6) SERGEANT W.J. KOEPPEL, 3PM TO 11PM TOUR Shift, Was At All Times Relevant Did Violate Day To Day Operations As A Unit-Supervisor Inside ShU/RRU Unit And Failed To Properly Execute Policy In Violation of The Eighth And Fourteenth Amendment!

#7) SERGEANT A.J. Holman, 3PM TO 11PM Tour Shift, Was At All Times Is Relevant Did Indeed Violate Day to Day Operations And Docs Policys As Unit Supervisor In Violation of Eighth And Fourteenth Amendment Rights.

#8) CORRECTION OFFICER Goodwin Of 7AM TO 3PM/ 3PM TO 11PM Assigned To A-Block Unit, Did Fail to protect Plaintiff And Was At All Times Relevant Did Violate Risk of Harm And Danger To Deprive Adequate protection To protect Fedeal Constitional Rights By law.

#9) CORRECTION OFFICER J. Ellis, 3PM TO 11PM TOUR Shift whom At All Times Is Relevant Violate Day To Day OPERATIONS As Docs Employee Inside Special housing Unit And Failed To Properly Execute Docs Policy And Procedures In Violation of The Eighth And Fourteenth Amendment under Color of law.

#10) Plaintiff, Was In Custody At Attica C.F. At All times Violation Imposed. |‾PAGE #3

42 U.S.C. 1983 Action, Judge Before Demand

Statement of Facts To Support Relief:

A) ON MARCH 10th, 2024 Plaintiff By way of Letter Form Did Inform Defendant A.J. Holman And E. RACZKOWSKI: of Threats of Violence And Issues with Known Gang members, Plaintiff Did Request to Be Rehoused To Another Housing unit to prevent harm And Acts of Assault.

B) ON APRIL 18th, 2024 Inmate Nelson And Inmate Hardy Did Throw Milk And Feces on plaintiff Living Quaters to provoke harm, At 2:10PM Officer Goodwin And A.J. Holman, And E. RACZKOWSI All made Aware of Incident.

C) At 7:30PM on APRIL 18th, 2024 Plaintiff was Indeed physically Assaulted And Harm By Nelson And hardy, E. RACZKOWSKI, Officer Goodwin, Sgt. A.J. Holman on A-Block 5-Company Failed to Take Any Reasonable measures to protect plaintiffs Safety And Allowed Nelson to Cause Serious harm to plaintiff, No officers Did Intervene to prevent harm or Injurys to plaintiff.

D) Defendants Sgt. A.J. Holman, D.S.S. RACZKOWSKI, Officer Goodwin, Sgt. W. Tomporowski, Officer Ellis Did not provide Any Level of Care or Duty; At 10:50PM on April 18th, 2024 Plaintiff was Taken To E.M.C. Hospital For Sufferd Injuries Because of Failure To Protect Actions. Page #4

E) ON APRIL 19th, 2024 ONCe Returned BACK TO Attica Facility From Hospital Sgt. A.J. Holman, Sgt. W. Tomporowski, D.S.S. E. Raczkowski, Officer Goodwin And Officer J. Ellis Took plaintiff To Special Housing Unit With Handcuffs On While Walking Did Punch, Kick, And Assault plaintiff

F) ON April 20th, 2024 plaintiff Was placed Inside Special Housing Unit Cell C-E-18 By Sgt. Holman, E. Raczkowski, W. Tomporowski, J. Ellis, Goodwin, without Hot Water, placed Inside Cell C-E-18 With Black Mold, Feces, And Mildrew On Cell Walls And Cell Floors.

G) ON April 20th, 2024 Sgt. A.J. Holman, And D.S.S. E. Raczkowski, And SSt. W. Tomporowski Did Deny plaintiffs Request For Protective-Custody And Deprived plaintiff Minimal provisions of Life And safety Request, plaintiff Was Indeed Deprived Anviple Showers, no proper Food, And Subjected to Live IN A Very Delpurable cell For over 3-weeks.

H) ON April 22nd, April 26, 28th, 2024 plaintiff Did Indeed Use Facility Grievance procedure to File Complaint Under Docs Directive About How E. Raczkowski, J. Ellis, Goodwin, A.J. Holman, And SSt. W. Tomporowski Did Subject him to Intentional harm, Excessive Force, And Safety Issues.

42 U.S.C. 1983 Civil Rights Action

I) ON May 2nd, 2024 Per ORDERS OF D.S.S. E. RACZKOWSKI, Sgt. W. TOMPOROWSKI, Sgt. A.J. Holman, Officer J. Ellis, Officer Goodwin Took Plaintiff From C-E-18 Cell IN HandcuFFs TO A Room Downstair Inside Special Housing unit Because OF Filed Grievances To use physical Force And Did subject plaintiff to Being Dragged Out of his Cell head First And Kicked IN the upper Back Area By J. Ellis, A.J. Holman, And SSt. W. Tomporowski, Plaintiff on May 2nd, 2024 Did SuFFer InJurys Because of Assault.

J) At 3.30PM on May 2nd, 2024 Plaintiff Was Rehused to B-N-6 Cell Inside R.R.U. Unit to A Cell with Now A Broken Sink And with A Broken Toilet, Bugs, Insects, And Black mold All over Cell. At 4:10PM On may 2nd 2024 Plaintiff Did Request to Defendant J. Ellis, SSt. W. Tomporowski, SSt. AJ. Holman And Dss E. RAEZKowki For medical Attention For Stomach pains, Back pains And Trouble Breating, pleas For Help were Indeed Ingnored, plaintiff SuFFered unDue Hardships Assault And suffered Injuires, Each Defendant had Personal InVolement IN Acts.

PAGE #5

STATEMENT OF CLAIM FOR RELIEF:
EACh DeFendant E. RACZKOWSKI, OFFicer Ellis,
OFFICER Goodwin, Sgt. A.J. Holman, Sgt. W.
Tomporowski, Acts Were Indeed Forsseable
And EACh DeFendant was Personally Involed
And Did pose Negligence to plaintiffs
Constitional Rights. From APRIL 18th, 2024 Unit
May 10th, 2024 DeFendants E. RACZKOWSKI,
OFFICER J. Ellis, OFFICER Goodwin, Sgt. A.J. Holman,
Sgt. W. Tomporowski Acts Were Indeed
With Deliberate Indifference to plaintiff
Risk to Health And SAFETY, physical
Injuries Because of Acts of Excessive
Force used, And Brutal Assault And
Failure to Protect Posed A Substandal
Risk of Serious harm to Plaintiff.
EACh DeFendant E. Raczkowski, Sgt. Holman,
OFFICER J. Ellis, OFFICER Goodwin And Sgt.
W. Tomporowski Shall Be Indivalually
Be held Responsible For Personal Involument
Under U.S.G 42 1983 Claim And Relief
EACh DeFendant under Color of law
Shall Be Liable FOR Harmful Effects
And Injuies UPON Plaintiff.
PAGE #1

Eighth Amendment 1983 ①
Failure To Protect Claim:

ON March 10th, 2024 And April 18th, 2024
Each Listed DEFENDANT D.S.S. E. RACZKowski,
OFFICER Goodwin, Sgt. A.J. Holman, OFFICER Ellis,
Sgt. W. Tomporowski, Faided To Protect Plaintiff
FOR Unjust Attack on A- Block Unit.
Each Attica C.F. Docs Employee And Defendant
Are Fully Responsible For Keeping All
Incarcerated Individuals Safe From The
Risk of Physical Violence By others.
On March 10th, 2024 By Letter Plaintiff
Did Request Adequate Protection To
D.S.S. E. RACZKowski, Sgt. A.J. Holman
And OFFICER Goodwin, ON April 20th, 2024
After April 18th, 2024 Assault on A-Block
5- Company Plaintiff By E. RACZKowski,
Sgt. W. Tomporowski, A.J. Holman, Goodwin,
OFFICER J. Ellis Prevented Protective
Custody. Plaintiff Can Satisfy All
Requirements Under Section 1983 To
State Failure To Protect Claim Under The
Eighth Amendment of Constitution For
Relief. Plaintiff Shall Indeed Be Entitled
To Recover Damages For Physical Injuries
On April 18th, 2024, April 19th, 2024, May 3rd, 2024
And Medical Records From (E.C.MC)
Hospital Will Show Damage, Each
Individual Defendant Failed In Its Duty
OF CARE.

UNDER Failure to Protect And Risk of harm Claim, EAch Individualy Defendant Goodwin, E. RACZKOwski, A.J. Holman, W. Tomporowski, Officer J. Ellis, EAch Shall Be Fully LiAble UNDer Personally Involement under 42 U.S.C. 1983 Claim; Plaintiff Physical Injuries By Photographs, And Picture, Also E.C.M.C. medicAl Records will Show how on APRIL 18th, Quzy Plaintiff Life Was Put Into Danger on A- Block 5. CompAny, Attica C.F. UNDER 42 U.S.C. 1997(e)(A) Plaintiff Did Indeed Follow Proper Grievance Procedure (See exhisit) And Filed Grievances At Attica C.F. UNDER Docs Directive 4040 With Regards To Failure To Protect And Risk of Harm. Defendants EAch Violated The law, Docs policys To Impose The Following upon Plaintiff:

1) Emotional distress
2) mental Anguish
3) physical Injuries

Relevant Documentary Evidence At Non-Jury Trial With prove Claim And Constitutional Violation; Defendants Failed To Ensure Plaintiff SAFety While In Custody At Attica C.F. And Shall Be Fully LiAble.

42 U.S.C. 1983 Constitutional Rights Violation:

COUNT-ONE: Failure To Protect Claim/
BReach of Duty to protect Claim

1) Each Defendant D.S.S. E. Raczkowski,
OFFICER Goodwin, OFFICER J. Ellis, Sgt. A.J. Holman,
Sgt. W. Tomporowski, on April 18th, 19th, 20th,
May 3rd, 4th, 5th, 7th, 2024 Each EXcercised
Deliberate IndiFFERNCE To plaintiff HEALth
And SaFety At Attica Correctional FAcility.

2) Each Defendant, E. Raczkowski, J. Ellis,
Goodwin, A.J. Holman, W. Tomporowski, Did
Fail To Protect plaintiff From April 18th, 2024
A-Block Assault And Attack, on April 18th,
April 19th, 2024 Defendant E. Raczkowski,
Goodwin, A.J. Holman saw Attack on A-
Company depite Seeing plaintiff SuFFer
Defendant E. Raczkowski, A.J. Holman And
Goodwin on April 18th, 2024 At 7:00pm
Failed To Stop Inmate Nelson From
Attacking plaintiff on A-Block 5-Company.
plaintiff Did Sustained Multiple Injuries,
on March 10th, 2024 Defendant Raczkowski,
And Holman Knew oF Attack And Could Have
prevent April 18th, 2024 Incident.

[PAGE # 2]

42 U.S.C. 1983 ACTIONS

3) Plaintiff On April 18th, 2024 was Brought to E.C.M.C. Hospital FOR EXRAYS, M.R.I., And Had Brusies to Face, Body And Head As Well As Migraine HeadAches, dizness, Plaintiff Also SuFFered Extreme Emotional Distress From April 18th, And April 19th, 2024 Incident. No DeFendant took Any Reasonable step to Prevent harm or to Intervene, APRIL 18th, 2024 And April 19th, 2024 Assault on A-Block upon Plaintiff was unJustiFed And was without Any Form of Provocation And It was Done Intentionally And willFully. Plaintiff was A victim of Physical Assault And Each DeFendant DisRegarded their Duty to Protect;

Physical Injuries Are As Follows:

A) Broken Nose
B) Impaired vision to Right Eye
C) Neck And Back Pains

E.C.M.C. Medical Records At Trial Can prove Suffered Injuries And Failure to Protect.

PAge #3

Failure To Protect Context, On March 10th, 2024 Plaintiff Did Request to D.S.S. E. Raczkowski, And Goodwin And Sst. A.J. Holman to Be Reterused And Request to Be Kept-Separated From Nelson And hardy, Because Each Posed An UnReasonable Risk of Danger to Plaintiff, Nelson And hardy Are Both Blood Members, And Plaintiff On March 10th, 2024 Request to Be Kept Apart And to Be moved. On April 18th, 2024 Violence And Serious harm on A-Block S-Company WAS Imposed, Plaintiff Was Indeed Attack, while officer Goodwin working Unit, And A.J. Holman And Sst. W. Tomborowski, And officer Ellis, And D.S.S. E. Raczkowski Show Deliberate Indifference to Plaintiffs Health And Safety, Physical Injuries were Indeed Sustained From Attack, Each Defendant Acted Reckless And Failed to Act with Reasonable Care.

PAGE #3

Eighth Amendment
Condition of Confinement Claim

42 U.S.C. 1983
Action

Eighth Amendment Violation Exit And Was Indeed
Imposed By Defendants E. Raczkowski, Goodwin,
Sgt. W. Tomporowski, A.J. Holman, J. Ellis, Did
From April, 2024 until May, 2024 Did Impose
Undue Harship By Placing Plaintiff Inside
Unsanitary Living Quater C-E-18 Cell And B-N.6 Cell
With Urine, Feces, Piss, Black-mold, Mildrew
On Cell Walls And Floors. No Adequate
Civil Life Basic Neccissites, Under Color of law
Each Defendant E. Raczkowski, A.J. Holman,
Goodwin, Sgt. W. Tomporowski, J. Ellis, Each
had Personal Invvolement To Deprived Plaintiff
Harsh Conditions of Confinement, Plaintiff Did
Indeed Such Suffered Back Injuries, Headaches,
Sleepless Nights, And Mental Anquish.
Plaintiff On April 20th, 2024, April 27th, 2024,
May 3rd, 2024, May 8th, 2024 Did File
Grievances And Complaint Letters To Docs
Commissioner And Inspector General Office
About Sanitary Issues And Health And
Safety Concerns. Each Listed Defendant Did
Indeed Purposely Ignore Sanitary Cell
Condition Concerns, Defendants Took A Total
Dishesard to violate Eighth Amendment
Under Conditions of Confinement Claim.

①

EAch DeFendant E. RACKlow, Godwin, (2)
A.J. Holman, Sgt. W. Tomporowski, J. Ellis EAch
Shall Be Individually Held Responsible For
Personal Involvement Under U.S.C 42 1983 Claim
All Relief Requested Shall Be Fully Granted.
Toxic Black mold, And mildew Did Cause
Sickness, Stomach Pains, And Psycholusigal
Damages With Continuous Migraines Derived
From Deporable Cell Conditions, All plaintiffs
Injurys Were Indeed Reasonable Forsceble
And Physical Injurys under Conditions of
Confinement Under Eighth Amendment Include:
A) HEALTH And SAFETY Violations, Deprived Shower,
Deprived Adequate Food meals, Deprived Proper
Cell Cleaning Supplies.
B) Emotional distress, PAin, And Mental And
Psycholosical TRAMUA Imposed.
c) Attica C.F. Medical Records will Show
Back And Neck Problems, EAch Defendant
Shall Be liABle For Acts Between April 18th, 2024
Until May 12th, Qucy At Attica C.F, IN
C-E-18 Cell Shu Unit, B-N-6-cell RRU Unit.
EAch Defendant Placed Plaintiff Inside
Cells Without Functioning Toliet, No Cleaning
Supply, exposed to feces,

Exposed To Black Mold, Mildew, Urine, And [3]
Vomit of Floors And Walls, Plaintiff Unable
To Properly Clean Cell To Impose Inhumane
Conditions of Confinement In violation of
the Eighth Amendment of Constitution.
No Medical Treatment, No Sick Call Remedys
Provided After Repeated Request Made About
Sickness And Illness Because of Black Mold,
And Mildew, Forced to Live Inside unclean
Cells, No Proper Hygienic Items, Poor
Ventilation Inside C-E-18 Cell And B-N-6 Cell
To Cause harmful Effects Upon Plaintiff.
Under 42 U.S.C 1997(e)(A) Plaintiff Did
Follow Proper Grievance Procedure And Did
File Grievances Under D.O.C.S. Directive 4040
With Complaint Letters To Docs Commissioner
With Regards To Inhumane Cell Conditions,
Relevant Documentary Evidence At Non-
Jury Trial Will Show And Prove Each
Defendant Willfully Violated The law,
Docs Policy, And Shall Be Personally
Liable For Relief Under 42 U.S.C. 1983 Relief
Based off Unsanitary Conditions,
Unsanitary Cell Conditions To Impose
Physical And Emotional harm.

42 U.S.C. 1983 Action

Count Two: INADEQUATE And Deplorable
Unsanitary Housing, Constitutional Violation
Eighth-Amendment.

#1) Defedants E. RACZKOWSKI, J. Ellis,
AJ. Holman, Sst W. Tomporowski, Officer Goodwin
Each on April 22nd, 2024 And May 2nd, 2024
Inside C-E-18 Cell With Numerous Insects,
Rats, Black-mold, Mildrew, Feces On Floor And
Walls.

#2) Plaintiff Remain Inside C-E-18 Cell until
He wrote Grievances And Complaints About
Severe Headaches And Nausea, On May, 2024
Plaintiff Was Placed Inside B-N-9 Cell R.r.u.
By E. RACZKOWSKI, AJ. Holman, W. Tomporowski,
J. Ellis, Goodwin With Smeared Feces,
And Urine on Cell Walls And Cell Floors,
Including In-Opergable Toilet, Plaintiff
Can Support Conditions of Confinement Claim
Under Eighth Amendment Standard, Plaintiff
Suffered Anxity Attack Because of
Unsanitary Cell Conditions Imposed.
Plaintiff From May 1st, 2024 to May 10th, 2024
Was Extremey Uncomforable, depressed
And had Headache All Day Because of Violation

Page #1

Because of Being exposed to urine And
Feces And vomit on Floor And walls For
over A month, plaintiff went to Attica c.f.
medical unit Because of dizziness And
Continous Migraines And Defendant J. Ellis,
Sgt. W. Tomporowski, A.J. Holman, And
Goodman through order of D.S.S. E. Raczkowski,
Deprived plaintiff Adequate Cell-Clean up,
Adequate Food, Adequate Showers, And
Deprivation of Personal property.
Plaintiff Did File Multiple Grievances
with Regards to Inhumane Conditions of
Confinement In violation of Eighth-
Amendment Rights, Each Defendant J. Ellis,
Sgt. A.J. Holman, Goodwin, E. Raczowski,
SSt. W. Tomporowski All Made Plaintiffs
Conditions At Attica c.f. extremely
difficult which Affected plaintiff's
Entire Body And Caused Emotional distress
Upon plaintiff under Color of law Is
violation of Eighth-Amendment under
Conditions of Confinement Standard Claims.

(Page #2)

COUNT THREE: EXCESSIVE FORCE Claim,

UNSAFE Enviroment/Assault Claim:    #1

1) Each Defendant E. Rackkowski, J. Ellis,
Sgt. A.J. Holman, Sgt. W. Tomporowski, Goodwin
From April Through May, 2024 Did Mercilessly
Beat And Did Savagly Assault Plaintiff
Inside Medical Unit, Special housing Unit,
And Did Take Plaintiff To A Room on May 3d, 24
Inside Special Housing Unit Without Cameras
to Punch Plaintiff In The Face And Assault
And Excessive Force. Plaintiff Health And
Safety Was In Serious Danger, Defendants
Purposely And Reckessly Failed to Provide
Plaintiff On April 18th, 19th, May 3rd, 4th, 2024
With Proper Medical Assistance; Thereby
depriving Plaintiff Constitutional Protection.
Excessive Force Claim Is Appropriate;
No Qualifed Immunity Applies, Each Defendant
E. Rackowski, J. Ellis, Goodwin, A.J. Holman,
J. Ellis Each Was Well Aware Of Severe
Danger Imposed And Use Deliberate
Indifference And Extreme Acts Of Violents
Upon Plaintiff, Grievances Were Indeed
Filed.

Each Defendant C. Kaczkowski, J. Ellis, A.J. Holman, W. Tomporowski, Goodwin Did Each In April, 2024 And May 2024 Did Have Personally Involvement In Assault And Excessive Force upon Plaintiff While housed Inside Attica C.F Special housing Unit Did Come to C-E-18 Cell And B-N-6 Cell Placed Plaintiff In Handcuffs Behind His Back, Slammed Plaintiff Head Into Door, Yanked Plaintiff Outside of Cell And Took Plaintiff On May 3rd, 2024 At Around 3pm to A Room Without Cameras to Attach And Use Acts of Excessive Force upon plaintiff, Brutality, Torture, And Inhuman Treatment Inside Isolated Confinement Imposed By Each Defendant to Put Plaintiffs Health And Safely In Danger to Violate The Eighth Amendment. Plaintiff Suffered Severe Pain In Back Area, Swelling over Wrist, Redness to Eyes, Plaintiff Can Indeed Safty Excessive Force Claim Case Shall Proceed to NON-Jury Trial Demand.

PAGE 2

Fourteenth Amendment And Eighth Amendment Violation, Excessive Force Claim: (1)

Excessive Force Claim Is Appropriate And No Qualified Immunity Applies, No Protective Measures By E. Rackowski, Officer Goodwin, Sgt. A.J. Holman, Sgt. W. Tomporowski, As Docs And Attica Correctional Facilty Employees Did Not Provide Any Protective measures, Acts From April 18th, 2024 Until May 12th, 2024 Acts Were With Deliberate Negligence to Impose Injuries Upon Plaintiff. Plaintiff Can Indeed Satisfy The Objective element Of Excessive Force Claim. Each Defendant E. Rackowski, Goodwin, Sgt. A.J. Holman, Sgt. W Tomporowski, J. Ellis, Did Impose Brusises upon Plaintiff, To Use Illegal Acts On April 22nd, 2024, May 3d, 2024, May 5th, 2024 By Way Of Purposely Slamming, Beatering And Causing Pain To Plaintiff. At Seperate times Defendants J. Ellis, Godwon, E. Rackowski, A.J. Holman, Sgt. W. Tomporowski, each shall Be liable For excessive Force used upon plaintiff, Defendants Handcuffed And Yanked Plaintiff Hurtfirst out of cell C-E-18.

ON May 3rd, 2024 D.S.P. E. Raczkowski, (2)
SGT. A.J. Holman, SGT. W. Tomporowski, J. Ellis,
Officer Goodwin At Around 3:30 pm or So Did
take Plaintiff To A Room Downstairs Inside
Special Housing Unit Area Without Cameras to
Assault, Attack, And Punch Plaintiff In The
Face To Impose Injuries From Unprovoked
Attacks upon plaintiff. Plaintiff Suffered
Swelling to Eyes, Hand, Wrist, Back Area,
Shoulder Area, Each officers Conduct At
Attica C.F. Was Not de-Minimis As A
matter of law.
Plaintiff On May 3rd, 2024, May 5th, 2024
Was Deprived to Be Provided Adequate
Medical Care, Defendants E. Raczkowski,
J. Ellis, A.J. Holman, W. Tomporowski, Goodwin,
Did Each use Professional Misconduct That
Does Indeed Rise to Level of Excessive
Force And Level of Constitutional deprivation.
Excessive Force Claim Shall Proceed to
Non-Jury Trial to Support 42 U.S.C. 1983
Relief upon Action, use of Force Was
Documented, plaintiff Was Not Seen
By Facility Doctor, hospital Record From

E.C.M.C. Hospital will show proof of used Acts of Excessive Force From Attacks And Assaults Caused By D.S.S. E. Raczkowski, J. Ellis, Sgt. A.J. Holman, Sgt. W. Tomporowski, Goodwin, Evidence At Trial will show proof of How plaintiffs Life Was In Danger At Attica C.F. And Defendants Committed Acts Under Color of law, Acts By Defendants Were Indeed Intentional And deliberate, Defendants Acts Caused Injuries Sustained upon plaintiff, plaintiff Did Indeed Write Grievances And Complaint Letters To Docs Commissioner About Extremely Violent Acts And Excessive Force used with Regard to deprivation of The Fourteenth Amendment under Due-Process Clause And Under Eighth Amendment under Cruel And Unusual Punishment To Support Serious damages to plaintiffs Safety And Excessive Force Claim, Each Defendant Had direct participation In Constitutional Violation Imposed upon plaintiff.

Count Four:
Retaliatory Treatment For Being Deprived Liberty,
Fourteenth Amendment Due-Process Violation:

A)-- Defendants E. Raczkowski, Officer Goodwin,
Sgt. A.J. Holman, Sgt. W. Tomporowski, Officer J. Ellis,
Each used Retaliatory Acts upon Plaintiff From
March 2024 until May, 2024, Almost Immediately
After March 16th, 2024 Letter To Be Moved And
Filed Grievances, Defendants E. Raczkowski,
Officer Goodwin, Sgt. A.J. Holman, Sgt. W. Tomporowski,
Officer J. Ellis, Each Harassed And Caused
Physical Harm to Plaintiff. Each Violated:
1) Deprived Plaintiff Adequate Food Meals.
2) Deprived Plaintiff Adequate Showers.
3) Deprived Plaintiff Adequate Telephone Access,
Deprived Cell Cleaning Supplies.
4) Deprived Adequate Medical Care + Treatment.
Retaliation used on Plaintiff By Way of
Repeated Death Threats, Being Chastised, And
False And Fabricated MisBehavior Reports to
Place Plaintiff Inside Solitary Confinement
For A 120 Day Period, Imposed Punishment
to Deprive Plaintiff Liberty Interest And
Due-Process Interest Under Fourteenth
                              Amendment.

Defendants E. Raczkowski, officer Goodwin, [2] officer J. Ellis, Sgt. A.J. Holman, Sgt. W. Tomporowski, From March 19th, 2024 Until Date April 19th, 2024 Are Using Intentional Retaliation By Assault And Simply Untrue And Bias Fabrication of 2-Differents Misbehavior Reports out of Pure Retaliation To Place Plaintiff Inside Confinement of 24 hour Lockdown For A Period of 120 Days. Under Franco U.S. Kelly, 854, F. 2d, 584 2nd Circuit Court of Appeals Ruled That A plaintiff Can Sue For damages under Section U.S.C. 42 1983 Action If Retaliatory Confinement And Punishment To Deprive plaintiff At Attica C.F. On April 19th, 2024 of Proper Liberty Interest to Satisfy 1983 Requirements. plaintiff On April 19th, 2024 At 9:30AM Was place Inside Special housing Unit By Defendants E. Raczkowski, officer Goodwin, A.J. Holman, Sgt. W. Tomporowski, officer J. Ellis From April 19th, 2024 Until May 13th, 2024 plaintiff Was Deprived Adequate Food Meals, Adequate Showers, Suffered Migraine Headaches, And General Pain Throughout Body Because of Assault Imposed By Each Defendant.

On April 24th, 2024 the March 9th, 2024 Inside of [3] Attica Special housing Unit At Around 2:15 PM EAch Defendant E. Raczkowski, Sgt. W. Tomporowski, Sgt. A.J. Holman, officer Goodwin, officer J. Ellis EAch Forced plaintiff Inside Cell C-E-18 Cell To Submit to An Unlawful Strip Search In violation of Docs Directive 4910 And Policy. On, May 2nd, 2024 plaintiff Inside R.P.U. Unit Cell B-N-6 Cell WAS Indeed Victim of Sexual Assault By Sgt. W. Tomporowski, Officer J. Ellis, And D.S.S. E. Raczkowski, Victim of Sexual Assault WAS Indeed Property Documented. On May 9th, 2024 Defendant Goodwin, Sgt A.J. Holman, And Sst. W. Tomporowski Per odes of E. Raczkowski Came to B-N-6 Cell to Loudly BeRate And Chastise plaintiff Knocking him Into Walls And Dragging plaintiff While In Handcuffs Out of his Cell to Assault him to Cause Physical Injuries And Tramua to plaintiff. Injurys to Head, BAch, Nose Trouble EAting, Sleeping Bleeding From Anal ArcA And Chonic Headaches Throughout Body Violated, Defendants Shall Be Fully LiAble Under U.S.C. 1983 Claim For Action.

UNDER This U.S.C 1983 Claim Action. At Attica (4)
Each Defendant From March until May 2024 D.S.S.
E. Raczkowski, officer Goodwin, Sgt. A.J. Holman,
Sgt. W. Tomporwski, officer J. Ellis Did As Docs
Employees Did Imposed A Substantial Risk of
Harm to Plaintiff, Each Defendants Actions Posed
And Excessive Risk to Plaintiff Health And Safety
While I Coolof At Attica C.F. Plaintiff Can
prove that defendants E. Raczkowski, officer Goodwin,
Sgt. A.J. Holman, Sgt. W. Tomporwski, officer J. Ellis,
Throught his own Actions Indeed violated
Plaintiffs Constitutional Rights. All Plaintiffs
Injurys Were Indeed Reasonably Forseeable
to Imposed Consequences By Illegal Acts upon
Plaintiff From March, 2024 Through May, 2024.
Plaintiffs Injurys Includes The Following:
A) Emotional Distress, Pain And Suffering
B) Injury to Head, Back, Nose, Stomach Pains,
Vision Impairment, Chronic Headaches. Etc.
C) Medical EXRAYS And Docs Medical Records
And Grievences Filed Imposed Physical Injuries
All Caused By Intentionally harm, Failure To
Protect, Excessive Force, Retaliation to put
Plaintiffs Safety At Risk, Plaintiff Can
Establish Fault And Causation on part of
Each Defendant to Satisfy 1983 Requirements.

Defendants D.S.S. E. RACZKOWSKi, A.J. Holman, SSt. [3]
W. Tomporowski, Officer Goodwin, Officer J. Ellis
From March, 2024 until May, 2024 Were Each
Deliberately Indifferent to Plaintiffs Conditions
of Confinement And That Such Conditions And
Raised Claims Did Indeed Pose A Substantial
Risk of Serious harm to Plaintiff Saftey At
Attica Correctional Facility. In Violation of
the Eighth And Fourteenth Amendment.
Plaintiff Can Fully Establish By Non-Jury Trial
How Each Defendant E. RACZKOWSKi, A.J.
Holman, Sgt. W. Tomporowski, Officer Goodwin,
Officer J. Ellis, to Plaintiff under Conditions
Posing A Substantial Risk of Serious Harm to
Plaintiff. Plaintiff Can prove Each Defendant
Did Intentionally Deprived Plaintiff of
Constitutional Rights By Way of Harsh Conditions,
Plaintiff Was Seen By Doctors At: E.C.M.C.
Medical Center And EtRAY Conducted And
Medical Exams Conducted to Support All
Physical Injurys In Connection With Each
Claim And Violation Raised To Support
Deliberate-Indifference.

[6]

No Defendant E. Raczkowski, A.J. Holmes,
Officer Goodwin, W. Tomporowski, J. Ellis
Shall Not Be Subjected to Any Form of
Qualified Immunity, Each Defendants Conduct
Was Very Unlawful Under Color of law,
Plaintiff Can prove By Way of A Preponderance
of Evidence How Plaintiff Eighth And
Fourteenth Amendments Were Indeed Violated.
Under 42 U.S.C. 1983 Relief Each Defendant
Shall Be held liable; Its Requested That
A Bench Trial By Court Be ordered.
Plaintiff Is Entitled to Compensatory Damages
And Punitive Damages In Amount of ($50,000)
Documented Medical Reports, Injuries, LogBooks,
Camera Gallery Footage Will Show Evidence
of Attacks And Physial harm By Each
Defendant E. Raczkowski, A.J. Holmes, Goodwin,
Sst W. Tomporowski, Officer J. Ellis Each shall
Be liable As Personal Defendants Under 1983
Claim, Docs Grievances And Complaint Letters
Sent To Commissioner Officer, Hospital Records
From  Harm Caused At All Times
                    Relevant to claim

Plaintiff Can Prove Subjective And Objective [7] Prong Under Deliberate Indifference, Plaintiff Can Proved Each Defendant E. Raczkowski, Goodwin, Sgt. W. Tomporowski, Sgt. AJ. Holman, officer J. Ellis Each Didnot Carry out Duty of Care under Color of law, Each Defendant E. Raczkowski, Sgt. W. Tomporowski, Sgt. AJ Holman, Goodwin, officer J. Ellis Used excessive physical force, Left Plaintiff To Die on May 3rd, 2024 Inside R.R.u unit, Dragged And Imposed Extensive Injuries Such As The Following:

1) Deprived Plaintiff From March, 2024 until May, 2024 of Basic Life Neccissites,

2) Deprived Deporable Cell Couditions, Deprived Medical Affection For Following:

A) Stomach pains

B) Severse Bleeding

c) Type 1 And 2 Chronic Migraines

D) depression

E) Anixety, post-Traumatic Stress disorder

F) excruiating pain In Back, extreme Mental Anguish Imposed, Plaintiff suffers

Flashbacks from All Incidents of Assault.

42 U.S.C. 1983 Claims

Relief For Damages:

As The Plaintiff Pro-se I'm Seeking
Compensatory Damages In Amount of ($ 65,000)
And Seek ($85,000) In punitive damages
For U.S.C. 1983 Relief.
Plaintiff Seeks Award And Damages,
Each Defendant Shall Be Personally Liable,
Its Requested (I.F.P.) Status upon In-
Forma pauperis Shall Be Fully Granted.
Its Requested U.S. Marshalls direct that
Each Defendant D.S.S. E. RACZKOWSKI,
Officer Goodwin, Officer J. Ellis, Sgt. AJ
Holman, Sgt. W. Tomporowski At
639 Exchange Street, P.O. Box 149
Attica, NY 14011-0149 Be Served
Under Federal Rules Civil Pract. (4),
Plaintiff has Indeed Properly Identifyed
Each Defendant, All Arguments And
Claims Are Clear And Specific
to Support Constiutional Rights Violations,

Plaintiff Under 42 U.S.C. 1997(e)(A) Did
Filed Grievances And Complaint Letters
And Did Properly Exhaust,
No Qualified Immunity shall Be granted,
Compensatory damages And Punitive damages)
Shall Be Fully Awarded For Relief.
Under 42 U.S.C. 1983, Plaintiff under
Federal Rules of Western District Court
lococal Civil Procedures Files 42 U.S.C. 1983
Complaint, Documents And Exhibits with
Court. All Relief Requested By Plaintiff
Shall Be Fully Granted Upon Actions

Cc. File                    Respectfully Submitted:
Pro-se Intake Office
Western District Court      Jeremiah
Clerk of Court              Jeremiah Herbert
Dated:                      Pro-se, Plaintiff
   May 14th, 2024
   May 14th, 2024

Exhibit — A) [42 U.S.C. 1983 Action]

1) MArch 10th, 2024, Keep Seperate Letter Request Sent To E. Raczkowski, And A-J. Holman At Attica Correctional Facility.

2) DOCS Directive (4040) Filed Grievances With Regards to Physical harm, Excessive Force, Inhuman Conditions of Confinement, Deporlable Cell Conditions, Health And SAFety Concees!

3) Letter Dated: April 4th, 2024 Sent To Catherine Leally Scott, New York Inspector General officer About physical Harm, Failure To Protect, And Abuse, And Punishment Imposed By Each Defendant.

4) Letter of Concerns And Complaints Dated: May 5th, 2024 About Abuse, Torture, And Unlawful And Malicious Conduct Imprised Upon Plaintiff By Each Defendant.

5) I.G.R.C. Response with Regards to All Filed Grievances And Violations.

I'm Writing your offices As Facility Head of Security. IF I'm not moved off Unit Soon I Do Feel I'm Be physically harmed And Assaulted By unjust Attacks. Please see to It I'm Rehoused off A-Block Company And not Exposed to Threat of harm And physical Abuse. I do Indeed Thank You In Advance, Both Gallery Officers have Been put on Notice About Issues yet No Professionalism o/ Protection From These Two Individuals Are Being put Into place.

C.C. File
Facility Superintendent

Very Truly, Etc

Dated: 3/10/2024

Jeremiah Herbert, 23B1459, A-5-36 Cell
P.O. Box 149                          Dated: March 10th, 2024
Attica, N.Y. 12011                         ①
Attn: E. Raczkowski, D.S.S.
Deputy Superintendent For Security
Formal-Request: Request To Be Kept-Separated/
Request Transfer Out of A-Block Company

Dear E. Raczkowski, D.S.S:
 Please Be Advised on March 10th, 2024 I Do
Request to Be Transfered off of A-Block unit
For Threats of Serius Harm By Inmate Nelson
A-5-2-Cell, 22B0838, And Inmate Hardy
A-Cell 19 Are Known Blood Gang Members And
I'm Being provoked And Intentionally
Called A Faggot And pussy And Dealth Theats
to put My Life In Serius Danse has Been
Made. Also Am at Risk of harm And
 Violence Being Done to Me, I Do Request
to Be Kept-Separated, On March 5th, 2024
I wrote Sgt. A.J. Holman And Sgt.
W. Tomporowski About Issues Nothing Been
Addressed to Protect My Safety. I Do
 Honestly Feel unsafe on A-Block And
Officer Goodwin Knows of Risk But
    Fails to Prevent It This Is why

49- Failure to Protect

| NEW YORK STATE | Corrections and Community Supervision | GRIEVANCE NO. 1143-24 | | DATE FILED |
|---|---|---|---|---|
| | | GRIEVANT NAME Herbert, J | | DIN 23B1459 |
| INCARCERATED GRIEVANCE PROGRAM | | FACILITY Attica | | HOUSING UNIT CE-18 |
| COMPLAINT FORM | | PROGRAM AM _____ PM _____ | | DATE 4/23/24 |

**(This form must be filed within 21 calendar days of grievance incident\*)**

Description of Problem: (Please make as brief as possible and print legibly)

SEE ATTACHED

_____

_____

_____

_____

_____

_____

_____

Grievant Signature: _____

RECEIVED

Grievance Clerk Signature: _____ Date: _____

APR 25 2024

ATTICA CORR. FACILITY
INMATE GRIEVANCE

Advisor Requested: ☐ YES  ☐ NO   Who: _____

Action Requested by Grievant:

_____

_____

_____

_____

This Complaint Has Been Resolved as Follows:

_____

_____

_____

Informal Resolution Accepted: (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

   If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).
\*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)



# Corrections and
# Community Supervision

KATHY HOCHUL
Governor

DANIEL F. MARTUSCELLO III
Acting Commissioner

## MEMORANDUM

2 23.1459

C.E -18

TO: _Harbert_

FROM:   IGRC

DATE:

RE:   GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # _____, Code _____ and

titled, _____. You will be scheduled for an IGRC hearing

once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance #

_____

☒ It has been logged as Grievance # _____, a Code 49 and

titled, _Failure to protect_ It has been passed through to the

Superintendent and you will receive a response directly from the Superintendent once the

investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on

_____, which is beyond the 21-day timeline for filing a grievance, per

Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in

accordance with Directive #2010.

cc:   File
Attachment

Jeremiah Herbert, 23B1459, B-N-6-Cell
639 Exchange Street P.O. Box 149        Dated: May 4th, 2024
Attica, Ny 14011
Attn: Catherine Leahy Scott, Inspector General
State of New York,
Attn: Deputy Commissioner Jeff Mckoy,
1220 Washington Ave. Bld #2, Albany, Ny 12226

Violation Matter:

Pletse Take Notice Here At Attica C.F. I'm
Undergoing A Great Deal of Abuse, Brutality
And Torture By Deputy Superintendent E.
Raczkowski, Sgt. AJ Holman, Sgt. W. Tomporowski,
Officer Goodwin, While Inside Special housing Unit.
I've Been the Victim of Physical Attacks And
harm on April 18th 2024 And Was Sent to
E.C.M.C. Hospital In Buffalo, NY, X-ray Done,
On May 3rd, Officer J. Ellis On 3pm to 11pm
Shift, Sgt. W. Tomporowski, And Sgt. Holman
Came to my Cell C-E-18 And Placed me
In handcuffs And used Excessive Physical
force upon me to harm me, I Do not
feel Safe Here At Attica C.F. And
I'm Living Inside A Cell with
Feces, Black Mold + Mildew on Walls,

I Write To Your office About Abuse
of power By Docs Employees, physical
Torture And Assault upon My Life.
I've Filed Substantial Amounts of Grievance
with I.G.R.C. Coodinater B. Edwards Under
Docs Directive 4040, Because of Cruel Abuse,
Harm And Intolerable Jail Conditions Being
Imposed upon my Life. I'm Seeking A
timely Investigation By Your officer
I Thank You Both For your time upon
Matter In Advance.

nc. File
I.G.R.C. B. Edwards
Superintendent officer
Docs officer of
Special Investigations

Very Truly,

~ia N
Derick H

331439



**NEW YORK STATE** | **Corrections and Community Supervision**

KATHY HOCHUL
Governor

DANIEL F. MARTUSCELLO III
Acting Commissioner

### MEMORANDUM

*2381459*                    *C&-18*

TO:   *Herbert, J*

FROM:   IGRC   *IGRC*

DATE:   *APR 3 0 2024*

RE:   GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # ___*1183-24*___, Code ___*41*___ and titled, *Legal Mail concerns* You will be scheduled for an IGRC hearing once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance # _____

☐ It has been logged as Grievance # _____, a Code 49 and titled, _____. It has been passed through to the Superintendent and you will receive a response directly from the Superintendent once the investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on _____, which is beyond the 21-day timeline for filing a grievance, per Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in accordance with Directive #2010.

cc:   File
        Attachment

Attica Correctional Facility, 639 Exchange Street, Attica, NY 14011-0149 | (585) 591-2000 | www.doccs.ny.gov

41- Legal/Medical Concerns

## NEW YORK STATE Corrections and Community Supervision

**INCARCERATED GRIEVANCE PROGRAM**

## COMPLAINT FORM

| GRIEVANCE NO. | DATE FILED |
|---|---|
| 1183-24 | |
| GRIEVANT NAME Herbert, J | DIN 23B1459 |
| FACILITY Attica | HOUSING UNIT CE-18 |
| PROGRAM AM _____ PM _____ | DATE 4/25/24 |

**(This form must be filed within 21 calendar days of grievance incident*)**

Description of Problem: (Please make as brief as possible and print legibly)

SEE ATTACHED

_____

_____

_____

_____

_____

_____

_____

Grievant Signature: _____

Grievance Clerk Signature: _____

RECEIVED

Date: _____ APR 3 0 2024

ATTICA CORR. FACILITY
INMATE GRIEVANCE

Advisor Requested: ☐ YES ☐ NO   Who: _____

Action Requested by Grievant:

_____

_____

_____

_____

This Complaint Has Been Resolved as Follows:

_____

_____

_____

Informal Resolution Accepted: (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).*
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)

24.1 → Not Issued Property in RRU

| | | GRIEVANCE NO | DATE FILED |
|---|---|---|---|
| **NEW YORK STATE** **Corrections and Community Supervision** | | 1270-24 | |
| | | GRIEVANT NAME Herbert, J | DIN 23B1459 |
| **INCARCERATED GRIEVANCE PROGRAM** | | FACILITY Attica | HOUSING UNIT BN-06 |
| **COMPLAINT FORM** | | PROGRAM AM _____ PM _____ | DATE 5/8/24 |

**(This form must be filed within 21 calendar days of grievance incident*)**

Description of Problem: (Please make as brief as possible and print legibly)

SEE ATTACHED

Grievant Signature: _____

Grievance Clerk Signature: _____   Date: _____

RECEIVED

MAY 10 2024

ATTICA CORR. FACILITY
INMATE GRIEVANCE

Advisor Requested: ☐ YES  ☐ NO   Who: _____

Action Requested by Grievant:

_____

_____

_____

_____

This Complaint Has Been Resolved as Follows:

_____

_____

_____

Informal Resolution Accepted: (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).*
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)



# NEW YORK STATE | Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

*BW-6*

## MEMORANDUM
23B1459

TO: *Herbert, J*

FROM:   IGRC

DATE:        *IGRC*
                MAY 10 2024

RE:        GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # *1270-24*_____, Code ___*24.1*____ and
titled, *not issued property in RRL*. You will be scheduled for an IGRC hearing
once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance #
_____.

☐ It has been logged as Grievance # _____, a Code 49 and
titled, _____. It has been passed through to the
Superintendent and you will receive a response directly from the Superintendent once the
investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on
_____, which is beyond the 21-day timeline for filing a grievance, per
Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in
accordance with Directive #2010.

cc:     File
        Attachment

35- Denied Commissary

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 1 2 7 1 - 2 4 | DATE FILED |
|---|---|---|
| | GRIEVANT NAME Herbert, J | DIN 23B1459 |
| INCARCERATED GRIEVANCE PROGRAM | FACILITY Attica | HOUSING UNIT BN-06 |
| COMPLAINT FORM | PROGRAM AM _____ PM _____ | DATE 5/8/24 |

**(This form must be filed within 21 calendar days of grievance incident*)**

<u>Description of Problem:</u> (Please make as brief as possible and print legibly)

SEE ATTACHED

Grievant Signature: _____

Grievance Clerk Signature: _____      Date: MAY 1 0 2024

RECEIVED

ATTICA CORR. FACILITY
INMATE GRIEVANCE

<u>Advisor Requested:</u>  ☐ YES   ☐ NO   Who: _____

<u>Action Requested by Grievant:</u>

_____

_____

_____

_____

<u>This Complaint Has Been Resolved as Follows:</u>

_____

_____

_____

<u>Informal Resolution Accepted:</u> (To be completed only if resolved prior to hearing)

Grievant Signature: _____      Date: _____

Witness Signature: _____      Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).*
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)



**NEW YORK STATE** | ## Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

$BD-6$

## MEMORANDUM

2381459

TO: _Herbert, J_

FROM:   IGRC

DATE:   IGRC

MAY 1 0 2024

RE:   GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # _____1 2 7 1 - 2 4_____, Code __35_____ and
titled, _David Comp_____. You will be scheduled for an IGRC hearing
once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance #
_____.

☐ It has been logged as Grievance # _____, a Code 49 and
titled, _____. It has been passed through to the
Superintendent and you will receive a response directly from the Superintendent once the
investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on
_____, which is beyond the 21-day timeline for filing a grievance, per
Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in
accordance with Directive #2010.

cc:   File
      Attachment

40 - NEEDS NOTARY

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. 1261-24 | DATE FILED |
|---|---|---|
| | GRIEVANT NAME HERBERT, J. | DIN 23B1409 |
| **INCARCERATED GRIEVANCE PROGRAM** | FACILITY ATTICA | HOUSING UNIT BN-6 |
| **COMPLAINT FORM** | PROGRAM AM _____ PM _____ | DATE 5/7/24 |

**_(This form must be filed within 21 calendar days of grievance incident*)_**

<u>Description of Problem:</u> (Please make as brief as possible and print legibly)

SEE ATTACHED

RECEIVED

MAY 0 9 2024

ATTICA CORR. FACILITY
INMATE GRIEVANCE

Grievant Signature: _____

Grievance Clerk Signature: _____   Date: _____

<u>Advisor Requested:</u> ☐ YES   ☐ NO   Who: _____

<u>Action Requested by Grievant:</u>

_____
_____
_____
_____

<u>This Complaint Has Been Resolved as Follows:</u>

_____
_____
_____

<u>Informal Resolution Accepted:</u> (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

_If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC)._
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)



## NEW YORK STATE
# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

## __MEMORANDUM__

2301459                                    BN-6

TO: *Herbert J*

FROM:   IGRC

DATE:

*IGRC*

*MAY 09 2024*

RE:     GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # ___*1 2 6 1 - 2 4*___, Code _*40*_ and
titled, _*Noods Notary*_. You will be scheduled for an IGRC hearing
once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance #
_____.

☐ It has been logged as Grievance # _____, a Code 49 and
titled, _____. It has been passed through to the
Superintendent and you will receive a response directly from the Superintendent once the
investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on
_____, which is beyond the 21-day timeline for filing a grievance, per
Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in
accordance with Directive #2010.

cc:     File
        Attachment

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. A-1143-24 | | DATE FILED 4/25/2024 |
|---|---|---|---|
| | FACILITY Attica CF | | POLICY DESIGNATION INSTITUTIONAL |
| **INCARCERATED GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE Failure to protect | | CASE CODE 49 |
| **SUPERINTENDENT RESPONSE** | SUPERINTENDENT'S SIGNATURE *Alsong M / C Yorx, ADS* | | DATE 4/30/2024 |
| GRIEVANT Herbert, J. | | DIN 23B1459 | HOUSING UNIT CE-18 |

The grievant asserts that they were assaulted by an I/I and staff failed to respond.

The grievant's allegations have been referred to the Office of Special Investigations to be investigated.

The grievance is accepted to the extent that their allegations have been forwaded to the appropriate entity for investigation.

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.*  Please provide a reason why you are appealing this decision to CORC.

_____     _____
GRIEVANT'S SIGNATURE                                                    DATE

_____     _____
GRIEVANCE CLERK'S SIGNATURE                                       DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)

49— Threatened by Staff / Racist Remarks / Dirty Cell

| | | | |
|---|---|---|---|
| NEW YORK STATE | **Corrections and Community Supervision** | GRIEVANCE NO. 1250-24 | DATE FILED |
| **INCARCERATED GRIEVANCE PROGRAM** **COMPLAINT FORM** | | GRIEVANT NAME Herbert, J | DIN 23B1459 |
| | | FACILITY Attica | HOUSING UNIT BN-06 |
| | | PROGRAM AM ____ PM ____ | DATE 5/6/24 |

**(This form must be filed within 21 calendar days of grievance incident*)**

Description of Problem: (Please make as brief as possible and print legibly)

SEE ATTACHED

Grievant Signature: _____

Grievance Clerk Signature: _____   Date: _____ MAY 0 8 2024

RECEIVED

ATTICA CORR. FACILITY
INMATE GRIEVANCE

Advisor Requested: ☐ YES  ☐ NO   Who: _____

Action Requested by Grievant:

_____
_____
_____
_____

This Complaint Has Been Resolved as Follows:

_____
_____
_____

Informal Resolution Accepted: (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).*
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)



**NEW YORK STATE**

# Corrections and
# Community Supervision

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

*BD-6*

TO: *Herbert, J*                    **MEMORANDUM**    *7381459*

FROM:    IGRC         *IGRC*

DATE:              *MAY 08 2024*

RE:       GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # _____, Code _____ and
titled, _____. You will be scheduled for an IGRC hearing
once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance #
_____.

☐ It has been logged as Grievance # *1250-24*, a Code 49 and
titled, *Harassed by staff Racist*. It has been passed through to the
                    *remarks, Dirty Call*
Superintendent and you will receive a response directly from the Superintendent once the
investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on
_____, which is beyond the 21-day timeline for filing a grievance, per
Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in
accordance with Directive #2010.

cc:    File
         Attachment



**NEW YORK STATE**

# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

## <u>MEMORANDUM</u>

23131459                                   ΔW - L

TO: *Harbert, J*

FROM:    IGRC        IGRC

DATE:             MAY 13 2024

RE:        GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _12 / 9 - 24_.

☐ It has been logged as Grievance # _____, Code _24.1_ and
titled, *Damaged items_____*. You will be scheduled for an IGRC hearing
once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance #
_____.

☐ It has been logged as Grievance # _____, a Code 49 and
titled, _____. It has been passed through to the
Superintendent and you will receive a response directly from the Superintendent once the
investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on
_____, which is beyond the 21-day timeline for filing a grievance, per
Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in
accordance with Directive #2010.

cc:    File
Attachment

24.1 - DENIED HERPS

| | | GRIEVANCE NO. 1279-24 | DATE FILED |
|---|---|---|---|
| **New York State** **Corrections and Community Supervision** | | GRIEVANT NAME HERBERT, J. | DIN 23B1459 |
| **INCARCERATED GRIEVANCE PROGRAM** | | FACILITY ATTICA | HOUSING UNIT BN-6 |
| **COMPLAINT FORM** | | PROGRAM AM _____ PM _____ | DATE 5/1/24 |

### *(This form must be filed within 21 calendar days of grievance incident\*)*

<u>Description of Problem:</u> (Please make as brief as possible and print legibly)

SEE ATTACHED

RECEIVED

Grievant Signature: _____

Grievance Clerk Signature: _____ Date: _____ MAY 1 3 2024

ATTICA CORR. FACILITY
INMATE GRIEVANCE

<u>Advisor Requested:</u> ☐ YES ☐ NO    Who: _____

<u>Action Requested by Grievant:</u>

_____
_____
_____
_____

<u>This Complaint Has Been Resolved as Follows:</u>

_____
_____
_____

<u>Informal Resolution Accepted:</u> (To be completed only if resolved prior to hearing)

Grievant Signature: _____ Date: _____

Witness Signature: _____ Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).*
n exception to the time limit may be requested under Directive #4040, § 701.6 (g).

'M 2131E (12/21)



**Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

**MEMORANDUM**

BD - 6

TO: *Harbart, J*                 *2381459*

FROM:    IGRC          IGRC

DATE:                 MAY 13 2024

RE:      GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # _____ 1 2 7 8 - 2 4 ___, Code _2 4/ 1_ and titled, *Call shield, David Hank.* You will be scheduled for an IGRC hearing once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievance # _____.

☐ It has been logged as Grievance # _____, a Code 49 and titled, _____. It has been passed through to the Superintendent and you will receive a response directly from the Superintendent once the investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on _____, which is beyond the 21-day timeline for filing a grievance, per Directive #4040 §701.5 (a)(1). No further action will be taken regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in accordance with Directive #2010.

cc:    File
       Attachment

24.1 CELLSHIELD ADSN FOR MEALS

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 1 2 7 8 - 2 4 | DATE FILED |
|---|---|---|
| | GRIEVANT NAME HERBERT, J. | DIN 23B1459 |
| INCARCERATED GRIEVANCE PROGRAM | FACILITY ATTICA | HOUSING UNIT BN-6 |
| COMPLAINT FORM | PROGRAM AM _____ PM _____ | DATE 5/9/24 |

**(This form must be filed within 21 calendar days of grievance incident*)**

Description of Problem: (Please make as brief as possible and print legibly)

_____

_____

_____

SEE ATTACHED

_____

_____

_____

RECEIVED

Grievant Signature: _____

Grievance Clerk Signature: _____   Date: _____ MAY 1 3 2024

ATTICA CORR. FACILITY
INMATE GRIEVANCE

Advisor Requested: ☐ YES   ☐ NO   Who: _____

Action Requested by Grievant:

_____

_____

_____

_____

This Complaint Has Been Resolved as Follows:

_____

_____

_____

Informal Resolution Accepted: (To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

Witness Signature: _____   Date: _____

*If unresolved, you are entitled to a hearing by the Incarcerated Grievance Resolution Committee (IGRC).*
*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

FORM 2131E (12/21)

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET   24-cv-485

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jeremiah Herbert

**(b)** County of Residence of First Listed Plaintiff _Wyoming_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Pro-se

P.O. Box 149, Attica NY 14011

## DEFENDANTS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                and One Box for Defendant)*

|                                          | PTF | DEF |                                                           | PTF | DEF |
|------------------------------------------|-----|-----|-----------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                            | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: 42 U.S.C. 1983 Relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE None   DOCKET NUMBER None

DATE 5/9/2024   SIGNATURE OF ATTORNEY OF RECORD _(signature)_

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Jeremiah Folsom Herbert, Pro-Se,
Din # Q3B1459, Attica Correctional Fa
639 Exchange Street, P.O. Box 149
Attica, NY 14011-0149

TO: Chief Clerk of
WESTERN District Court
U.S. District Courthou
Westestern District o
2- Niagara Squar
Buffalo, NEW Yor

Attn: Pro-Se Insta

Legal-mail

laintiff
cility

Legal mail

ATTICA
CORREC
IONAL FACILITY

quadient
05/15/2024
US POSTAGE $011.84⁰

ZIP 14011
041M11471730

Court
r of New York

use

New York

USDC - WDNY
MAY 20 2024
BUFFALO

14202-3328

ke office